lml

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-40023-JAR |
| | ) | |
| CAELA M. WHITE-KINCHION, | ) | |
| a/k/a CAELA M. THOMAS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Caela M. White-Kinchion's Motion to Transfer (Doc. 13). Defendant seeks an intra-district transfer of these criminal proceedings to Wichita. The government opposes defendant's request. A hearing was held on May 11, 2011, at which time the Court took the matter under advisement. After considering the parties' submissions and arguments and statements at the hearing, the Court grants defendant's motion and transfers this case to Wichita for all further proceedings, and further orders the case be reassigned to Judge J. Thomas Marten.

*Background*

On March 10, 2011, the Grand Jury returned a thirteen-count Indictment charging defendant with one count of conspiracy and twelve counts of health care fraud against the Medicaid program. The government requests in the Indictment that trial be held in Topeka, Kansas. Defendant is charged with committing these offenses while employed as the Director of Nursing for ProActive Home Care, Inc., by knowingly submitting and causing others to submit

materially false and fraudulent claims for home health services that were, 1) not provided, 2) upcoded, 3) supported by false, fraudulent and forged documents, and 4) not medically necessary. The Indictment alleges that defendant submitted and caused to be submitted approximately $33.2 million in materially false and fraudulent claims for approximately 693 unique beneficiaries, for which Medicaid paid ProActive over $23.4 million. The government seeks forfeiture of all property, real and personal, that constitutes or is derived from gross proceeds traceable to the offense. This case has been designated complex.

*Discussion*

Fed. R. Crim. P. 18 provides

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice.

"The trial court may weigh the prejudice alleged by defendant against the concern of providing a speedy trial."[1] A district court has discretion in determining whether intra-district transfer is appropriate.[2] Further, a court's decision regarding change of venue is entitled to deference.[3]

Additionally, in evaluating motions for intra-district transfer, courts rely on the principles found in Fed. R. Crim. P. 21.[4] This Rule provides for transfers of criminal cases from one

---

[1] *United States v. Lawson*, 670 F.2d 923, 926 (10th Cir. 1982) (citing *United States v. Brown*, 535 F.2d 424, 429–30 (8th Cir. 1976); *United States v. Florence*, 456 F.2d 46, 50 (4th Cir. 1972)).

[2] *United States v. Afflerbach*, 754 F.2d 866, 869 (10th Cir. 1985).

[3] *United States v. Williams*, 897 F.2d 1034, 1036 (10th Cir. 1990) (quoting *United States v. Hunter*, 672 F.2d 815, 816 (10th Cir. 1982)).

[4] *United States v. Miller*, No. 06-40068-JAR, 2009 WL 4827060, at *5 (D. Kan. Dec. 11, 2009); *United States v. Weidner*, No. 02-40140, 2003 WL 21183177, at *11 (D. Kan. May 16, 2003) (citing *United States v. Walker*, 890 F. Supp. 954, 958 n.5 (D. Kan. 1995)).

district to another.  Because Kansas is comprised of one judicial district, Rule 21 is inapplicable to this case, but the Court looks to the case law interpreting it for guidance.  The Supreme Court has listed the following factors that a court should consider when determining whether a case should be transferred under Rule 21: (1) location of corporate defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer.[5]

Defendant argues the following facts support transfer: (1) the conduct at issue occurred in Wichita; (2) defendant resides in Wichita; (3) ProActive is in Wichita; and (4) potential defense witnesses, including clients, nurses and physicians, live in Wichita.

The government responds that: (1) little or no weight should be given to defendant's place of residence, as criminal defendants have no constitutional right to have a trial in their home districts, nor does the location of defendant's home have independent significance in determining whether transfer to that district would be in the interest of justice; (2) although there are witnesses who reside in Wichita, the government's primary witnesses reside and work in the Topeka and the Kansas City areas; (3) while defendant and ProActive are located in Wichita, false claims submitted to Medicaid came to and were processed in Topeka; (4) the large number of documents in this case (approximately 500 boxes) are stored in Topeka; (5) disruption of defendant's business is insignificant, as she does not own ProActive, but is an employee, and

---

[5]*Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240, 243–44 (1964).

would not be working during the trial, regardless of the trial location; (6) the cost of transporting and storing the government's documents in Wichita, as well as the personnel necessary to try the case, outweighs the cost and effort to transport and accommodate a few Wichita witnesses in Topeka; (7) despite knowing about this Topeka/Kansas City based investigation for over four years, defendant retained Wichita counsel for her representation, and it is disingenuous for her to now claim inconvenience if the trial is in Topeka; (8) the Topeka and Wichita courthouses are equally accessible; (9) since the undersigned is the only active judge in the Topeka division, transferring this case to Wichita will have an adverse impact on Topeka's docket, as well as tie up a Wichita courtroom, as the trial is expected to last several weeks; (10) Topeka has two fully equipped electronic courtrooms, and the Wichita courthouse only has one; and (11) although it might be convenient for defendant if the trial were transferred to Wichita, she has failed to allege any specific prejudice resulting from trying the case in Topeka.

Following Rule 18, the Court, having given due regard for the convenience of defendant, finds that she will suffer prejudice should the venue remain in Topeka. Therefore, exercising its discretion, the Court will grant defendant's request to transfer the case to Wichita for all further proceedings. Further, because the District's state-wide case assignment policy in civil cases has not been implemented with respect to criminal matters, the Court also exercises its discretion to reassign the case to Judge J. Thomas Marten.

In so ruling, the Court acknowledges that several factors under the Rule 21 analysis are neutral or point in favor of the case remaining in Topeka, such as the location of the voluminous documents and records involved, as well as the government's expert witnesses and investigators. These factors are significantly outweighed, however, by defendant's allegations of specific

prejudice, namely the inability or impeded ability to call witnesses in her favor. All of the events leading up to the charged in the Indictment took place in Wichita and involve beneficiary patients in Wichita. As defense counsel pointed out at the hearing, there is no question defendant will call numerous Wichita-based witnesses in her defense, and it is highly probable that a number of ProActive nurses, employees and beneficiaries will be called to dispute the government's claims. Travel to Topeka may not be possible for a number of these witnesses due to health issues, as the majority of patients whom the government alleges did not receive care or received different care than what was documented, require frequent medical care and travel to Topeka will be difficult for them and adverse to their health. The Court finds that potentially limiting defendant's ability to call these defense witnesses is prejudicial. Moreover, ProActive is located in Wichita, defense counsel is located in Wichita, and disruption of the Wichita docket will not be impacted as the case will be reassigned to a Wichita judge. Accordingly, defendant's motion for intra-district transfer is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Transfer (Doc. 13) is GRANTED; this case is transferred to the Wichita division for all further proceedings, and shall be reassigned to Judge J. Thomas Marten pursuant to D. Kan. Rule 40.1.

**IT IS SO ORDERED.**

Dated: May 13, 2011

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE