IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


United States of America,

        Plaintiff,


        vs.               Case No.11-40023 -JTM


Caela M. White-Kinchion,

        Defendant.




MEMORANDUM AND ORDER


The government in the present medicare fraud action has designated HHS-OIG Agent Peter Blackburn as its representative under Fed.R.Evid. 615(b). The matter is before the court on the government's motion which seeking to add state Medicare Fraud and Abuse Investigator Darren Brown as an additional government representative.

In support of its motion, the government states that it does not anticipate that Brown will be a witness at trial, and that Blackburn will only testify in its case in chief to explain the background of the investigation and some summary charts he has prepared. In addition, the government notes that Blackburn and Brown are not natives of Wichita, and (on a rotating basis) may need to be absent during trial to attend to other cases and or family matters.

The government argues Brown, in addition to Blackburn, should be recognized an official representative under Rule 615(b) by citing decisions from the Second and Fifth Circuits holding that Rule 615 should not be interpreted to limit representative status to a single natural person. *See United States v. Jackson*, 60 F.3d 128, 134 (2d Cir. 1995); *United States v. Alvarado*, 647 F.2d 537, 540 (5th Cir. 1981); *contra United States v. Pulley*, 922 F.2d 1283, 1286 (6th Cir. 1991). Alternatively, the government argues that Brown may be exempted from the rule of sequestration under Rule 615(c) as "a person ... essential to presenting" the government's case.

As the defendant notes in opposing the motion, this court has previously rejected the government's contention that Rule 615(b) (previously Rule 615(2)) permits the appointment of multiple persons as its representatives at trial. In *United States v. Cooper*, 283 F.Supp.2d 1215, 1225-26 (D. Kan. 2003), the government advanced an identical argument, resting on the same Second and Fifth Circuit cases, in an earlier medicare fraud case. *Cooper* observed that permitting multiple representation *under this prong* of Rule 615 would be both unfair and contrary to the majority rule. 283 F.Supp.2d at 1225-26 (quoting 29 Charles A. Wright and Victor J. Gold, FEDERAL PRACTICE AND PROCEDURE § 6245 p. 80–81 (1997)). *Cooper* further noted that the Tenth Circuit had suggested in its unpublished decision, *United States v. Williams*, 991 F.2d 806, 1993 WL 125403 (10th Cir. Apr.19, 1993), *cert. denied*, 510 U.S. 884 (1993), that courts should follow the majority approach of allowing the government only one representative under Rule 615(2).

However, *Cooper* ultimately concluded that the second agent should be permitted to be present during trial under Rule 615(3) (now Rule 615(c)), as essential to the

presentation of the case. *See id.* (citing Wright & Gold, *supra*, at § 6245 p. 82). "Unlike

Fed.R.Evid. 615(2), Rule 615(3) does not restrict the number of witnesses who may be

deemed 'essential to the presentation of [a] party's cause.'" *Id.* (quoting *United States v.*

*Phibbs*, 999 F.2d 1053, 1073 (6th Cir.1993), *cert. denied*, 510 U.S. 1119 (1994)).

> The parties agree this case is document-intensive and complex and the
> trial will involve numerous witnesses and exhibits. The government argues
> Agents Holt and Stovall are both needed to coordinate the travel and
> appearance of witnesses, manage the documentary evidence, assist in
> operating the computer equipment used in publishing evidence to jury, and
> advise on trial strategy. According to the government, Agent Stovall is
> intimately familiar with those areas where she would assist the government,
> and Agent Stovall's testimony will be limited to summary charts she
> prepared and will not overlap the testimony given by Agent Holt. Based on
> these representations, the court finds that the government has carried its
> burden of showing that Ms. Stovall fits the essential witness exception and
> that her presence during trial would not be unfairly prejudicial to the
> defendants.

283 F.Supp.2d at 1226.

The breadth and complexity of a trial may justify the application of Rule 615's

exceptions to two government agents. *Cf. United States v. Dimora*, 843 F.Supp.2d 799, 819-20

(N.D. Ohio 2012) (citing *Cooper* and granting leave for the presence of two agents "[g]iven

the scope of this case and the sheer enormity of the evidence to be presented" in criminal

fraud trial) *with United States v. Brown*, 2011 WL 6046370, *3 (E.D.N.C. 2011) (denying

application of *Cooper* and *Phibbs* where there was no "expected lengthy trial or extensive

and inaccessible evidence").

The factors present in *Cooper* are present here. The defendant has acknowledged

(repeatedly) the complexity of the action. At the present time, the government does not

anticipate that Brown will testify, but the government has satisfied its burden of

demonstrating that his presence will instrumentally and materially assist in the presentation of the present action and the government's motion will accordingly be granted.

IT IS ACCORDINGLY ORDERED this 25th day of April, 2013, that the defendant's Motion for Leave (Dkt. 87) is hereby granted.


s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE